UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

VALERIY KOSTRABA,

        Petitioner,

v.

MINNESOTA STATE – SCOTT COUNTY,

        Respondent.

Civil No. 10-374 (MJD/JJG)

**REPORT AND RECOMMENDATION**

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. (Docket No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed without prejudice, pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

      In April 2008 and April 2009, Petitioner pled guilty to various criminal charges in two cases brought against him in the State District Court for Scott County, Minnesota. The charges against Petitioner included "domestic assault/with bodily harm – preventing 911 call" and "violation no-contact order." He was given a 90-day sentence in one case, and a 365-day sentence in the other case. Petitioner is presently serving his sentences at the

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Sherburne County Jail in Elk River, Minnesota. (Petition, p. (2), §§ 1-5.)

Petitioner did not file a direct appeal challenging his convictions and sentences, and he apparently has not applied for post-conviction relief in the state courts. (Id., p (2), § 8, p. (3), § 10.).

The present habeas corpus petition lists four claims for relief, which Petitioner has identified as follows:

"Ground one: ineffective assistance of counsel – withdrawl [sic] his plea of guilty is granted. Omnibus hearing on Oct. 9th 2008, Scott County."

"Ground two: Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and consequences of the plea."

"Ground three: Denial of right to appeal."

"Ground four: Denial of right to appeal."[2]

(Id., pp. (5) - (6), § 12.)

However, none of Petitioner's habeas corpus claims can be entertained at this time, because they have not been previously raised in, and adjudicated by, the Minnesota state courts.

## II. DISCUSSION

It is well established that a federal court will not entertain a petition for a writ of habeas corpus on behalf of a state prisoner unless the prisoner has first exhausted all available state court remedies. 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838,

---

[2] Petitioner apparently is alleging at Ground Three that the "Minnesota Office [of] the state public defender" deprived him of his right to appeal, and he apparently is alleging at Ground Four that the "Minnesota Appellate courts" deprived him of his right to appeal.

2

842 (1999); Rose v. Lundy, 455 U.S. 509 (1982). This exhaustion of state remedies requirement is based on the principles of comity and federalism; its purpose is to ensure that state courts are given the first opportunity to correct alleged federal constitutional errors raised by state prisoners. O'Sullivan, 526 U.S. at 844; Rose, 455 U.S. at 518-19; Duncan v. Henry, 513 U.S. 364, 365-66 (1995) (per curiam).

"Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 845 (emphasis added). Thus, in order to exhaust his state court remedies, a prisoner must fairly present his federal constitutional claims to the highest available state court, (in Minnesota, the State Supreme Court), before seeking relief in federal court.

The United States Supreme Court has explained the exhaustion of state court remedies requirement as follows:

> "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights.'... [Citations omitted.] To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim. [Citations omitted]."

Baldwin v. Reese, 541 U.S. 27, 29 (2004).

In this case, it clearly appears on the face of Petitioner's habeas corpus petition that none of his current claims for relief has ever been fairly presented to, or addressed by, the Minnesota Supreme Court. Indeed, it appears that Petitioner's current claims for relief

3

have not been raised in any state court. Because Petitioner has not fairly presented his claims to the Minnesota state courts, he has not satisfied the exhaustion of state court remedies requirement.

Furthermore, there is a state court remedy that might still be available for Petitioner's unexhausted claims -- namely a motion for post-conviction relief brought under Minn.Stat. §§ 590.01 et seq. The Court recognizes that Petitioner might be procedurally barred under state law from raising his unexhausted claims in a state post-conviction motion, if the state courts determine that those claims could have been previously raised on direct appeal. McCall v. Benson, 114 F.3d 754, 757 (8th Cir. 1997), citing State v. Knaffla, 243 N.W.2d 737, 741 (Minn. 1976); Roby v. State, 531 N.W.2d 482, 484 (Minn. 1995). However, it is preferable to have the Minnesota state courts, rather than the federal district court, decide which of Petitioner's unexhausted federal constitutional claims can still be heard and decided on the merits in state court, and which claims (if any) are barred by the state's procedural rules.[3]

Thus, the Court will recommend that this action be summarily dismissed, because Petitioner has failed to exhaust his available state court remedies for any of the claims listed in his current petition. However, it will be recommended that the case be dismissed without prejudice, so that Petitioner can return to the state courts and attempt to exhaust

---

[3] Any claims that the state courts refuse to decide on the merits because of a state procedural rule will be procedurally defaulted, and will not be reviewable in a future federal habeas proceeding, except upon a showing of sufficient cause and prejudice to excuse the procedural default, or new evidence proving Petitioner's "actual innocence." Coleman v. Thompson, 501 U.S. 722, 750 (1991). See also Jones v. Jerrison, 20 F.3d 849, 853 (8th Cir. 1994), ("[f]ederal courts will not review a procedurally defaulted claim because 'a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance'"), quoting Coleman, 501 U.S. at 732.

his presently unexhausted claims by filing a post-conviction motion in the trial court.[4] Petitioner may return to federal court -- if necessary -- after the state courts, including the Minnesota Supreme Court, have reviewed and decided <u>all</u> of the claims that he seeks to raise in federal court.  See <u>Ashker v. Leapley</u>, 5 F.3d 1178, 1180 (8th Cir. 1993).

Lastly, the Court notes Petitioner has filed an application for leave to proceed <u>in forma pauperis</u>, ("IFP"), in this matter.  (Docket No. 2.)  Having determined that this action must be summarily dismissed because Petitioner has failed to exhaust his state court remedies, the Court will further recommend that Petitioner's pending IFP application be summarily denied.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii); <u>see also</u>, <u>Kruger v. Erickson</u>, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (<u>per curiam</u>) (IFP application should be denied where habeas petition cannot be entertained).

---

[4] If Petitioner pursues this option, he should keep in mind that he will not satisfy the exhaustion requirement unless he pursues every available avenue of appellate review, (if relief is not granted by the trial court).  As the Court has already pointed out, "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one <u>complete</u> round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 845 (emphasis added).  Therefore, Petitioner will have to present all of his claims to the Minnesota Supreme Court.

The Court also notes that Petitioner's current petition does not clearly describe the claims that he is trying to advance.  If Petitioner seeks any further relief in state or federal court, he will have to do a better job of presenting his claims in a manner that is comprehensible to the courts.

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**;

2. Petitioner's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

3. This action be **DISMISSED WITHOUT PREJUDICE**.


Dated: February 16, 2010         s/ *Jeanne J. Graham*
                                             JEANNE J. GRAHAM
                                             United States Magistrate Judge


### NOTICE

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **March 2, 2010**. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.